UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dwight Freeman,
Plaintiff

vs

Warden Voorhies, et. al.,
Defendants

Case No. C-1-07-41
(Beckwith, J.; Hogan, M. J.)

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 7), and Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (Doc. 9).

On March 22, 2007, Defendants filed a Motion to Dismiss in the within action. (Doc. 7). Defendants seek dismissal of the Complaint on the basis of misjoinder of claims under Rule 20, Fed. R. Civ. P. Plaintiff's Complaint alleges that he was assaulted without provocation by Defendants Sgt. Fields and Corrections Officer Mitchell on August 24, 2006 and by Defendants Corrections Officers Carter and Bauer on August 27, 2006. Since the alleged incidents occurred on different dates and involve different individuals, Defendants contend the joinder of the claims is improper. Defendants, therefore, seek dismissal of this lawsuit.

Defendants' motion to dismiss should be denied. Rule 21 of the Federal Rules provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21. Consequently, even if there is a misjoinder of parties in this action, dismissal of plaintiff's complaint is not an appropriate remedy.

In any event, the Court finds the joinder of claims and parties in this action to be warranted. Rule 20(a) sets forth the elements for permissive joinder of parties. Permissive joinder of defendants requires: (1) the right to relief asserted must arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all defendants will arise in the action. *See* Fed. R. Civ. Proc. 20(a). The joinder provisions of the Federal Rules are very liberal. As the Supreme Court noted in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." 383 U.S. at 724 (footnote omitted). The transaction and common question requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. *Swan v. Ray,* 293 F.3d 1252, 1253 (11th Cir. 2002).

Here, Plaintiff's claims against each Defendant involve a common legal question, *i.e.*, an excessive use of force under the Eighth Amendment. Although both alleged instances involve separate individuals, they occurred a mere three days apart and may be considered arising out of the same series of transactions or occurrences such that in the interest of judicial economy they should be included in a single proceeding.

The cases of *Easley v. Debra Nixon-Hughes,* Case Nos. 1:06-cv-863 and 1:06-cv-865 (S.D. Ohio 2007), cited by Defendants in their motion, are inapposite. In those cases, several of the plaintiff's claims in his original complaint were dismissed for lack of exhaustion under the Prison Litigation Reform Act. The plaintiff was notified that in the event he chose to file a new complaint raising these previously dismissed claims after he exhausts his administrative remedies, he would not be required to pay an additional filing fee pursuant to *Owens v. Keeling*, 461 F.3d 763 (6th Cir. 2006). Thereafter, the Court received new complaints from the plaintiff which purported to be a "refiling" of claims previously dismissed for lack of exhaustion. In reality, the complaints presented altogether new claims and new defendants and were unrelated to the claims previously dismissed. Therefore, the Court denied plaintiff permission to file the new complaints without payment of the filing fee.

This case does not involve the refiling of any claims by Plaintiff Freeman. *Easley* does not

2

preclude Plaintiff's Complaint from going forward against Defendants. The claims are sufficiently related such that their joinder would promote trial convenience and expedite the resolution of the disputes.

### IT IS THEREFORE RECOMMENDED THAT

1) Defendants' Motion to Dismiss (Doc. 7) be DENIED.

Date 11/28/07

Timothy S. Hogan
United States Magistrate Judge

NOTICE TO THE PARTIES REGARDING THE FILING
OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

J:\SMITHLE\prisoner1983\Freeman\Freeman.intd.wpd

4

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (*Printed Name*) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Dwight Freeman<br>471-218<br>SOCF<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (*Extra Fee*) ☐ Yes | |
| 2. Article Number<br>(*Transfer from service label*) | 7007 1490 0001 0562 6493 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-01-M-2509 |

1:07cv41 (Doc. 31)