**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DWIGHT FREEMAN,

    Plaintiff,

v.

ED VOORHEIS, WARDEN, et al.,

    Defendants.

Case No. 1:07-cv-041

Beckwith, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Pursuant to local practice, this *pro se* prisoner litigation has been referred to the undersigned magistrate judge for review and a Report and Recommendation concerning pending motions. Defendants have filed a motion for summary judgment (Doc. 74), a motion seeking an order to supplement that motion (Doc. 75), and recently, a motion seeking an order to revoke Plaintiff's *in forma pauperis* status (Doc. 80). After a review of the record, I conclude that this litigation should be dismissed *sua sponte* based upon Plaintiff's knowing misrepresentations to this court concerning his prior litigation history, absent immediate payment of the requisite filing fee. In light of the recommended dismissal on that basis, I further recommend that Defendants' motion for summary judgment be denied as moot.

**I. Background**

Plaintiff Dwight Freeman first attempted to sue the Defendants in this case on September 22, 2006, when he filed a complaint and motion for preliminary

injunction/temporary restraining order in this Court. *See Freeman v. Voorheis*, Case No. 1:06-cv-622-SSB-TSH. Portions of Plaintiff's 2006 complaint were dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. §1915(e) and 28 U.S.C. §1916A. (*Id.,* Doc. 11 at 2-3, 8). However, the remainder of Plaintiff's complaint was dismissed based upon Plaintiff's failure to exhaust his administrative remedies. (*Id.* at 8-9).

In accordance with the Prison Litigation Reform Act of 1995 ("PLRA"), Plaintiff was directed to pay the full filing fee of $350.00, with incremental payments to be made at any time that Plaintiff's institutional account balance exceeded $10.00. (*Id.* at Doc. 10). The Court held that "[i]n the event plaintiff chooses to file a new complaint after he exhausts his administrative remedies, he will not be required to pay an additional filing fee." (*Id.,* Doc. 11 at 8). The record reflects that Plaintiff has paid a total of $86.45 of the $350 filing fee on Case No. 1:06-cv-622-SSB-TSH, with the last payment of $1.41 received on June 18, 2010.

On January 22, 2007, Plaintiff filed a new complaint that included most of the same allegations as those alleged in the 2006 complaint, with additional allegations pertaining to Plaintiff's exhaustion of administrative remedies. The complaint was assigned a new case number, as reflected in the above caption. Noting that most of the claims constituted a refiled action in compliance with this Court's Order of October 19, 2006 in Case No. 1:06-cv-622-SSB-TSH, the Court denied Plaintiff's new motion for leave to proceed *in forma pauperis* as moot, presuming that Plaintiff would continue making incremental payments in the original Case No. 1:06-cv-622-SSB-TSH. (Doc. 5).

In recognition that some claims were new, the Court nevertheless reviewed the new

complaint to determine if any claims should be dismissed as frivolous, malicious, or for failure to state a claim. The Court determined that one claim, against Defendant Dr. Sevrey, should be dismissed for failure to state a claim, but that various Eighth Amendment claims against the remaining five named Defendants should be permitted to proceed. (*Id.*). An active discovery period ensued, with Plaintiff filing multiple motions to compel and other pretrial motions, many of which were address through an informal discovery conference with the Court. (Doc. 57). Following the close of discovery on March 26, 2010, Defendants moved for summary judgment (Doc. 74).

On December 6, 2010, this case was reassigned to the undersigned magistrate judge. (Doc. 78). On December 28, 2010, Defendants moved to revoke Plaintiff's *in forma pauperis* status under the Prison Litigation Reform Act (Doc. 80). Plaintiff has failed to file any response to that motion.

**II. Analysis**

Defendant's motion to revoke Plaintiff's *in forma pauperis* status is based upon 28 U.S.C. §1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.*

This "three strike" provision was enacted as one of several amendments in the Prison Litigation Reform Act to prevent prisoners from repeatedly filing frivolous litigation.

3

Courts have upheld the application of §1915(g) to cases dismissed prior to the enactment of the PLRA. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). In addition, the Sixth Circuit has held that when a portion of a complaint is dismissed with prejudice for failure to state a claim, that dismissal qualifies as a strike under §1915(g) even if other claims in the complaint are dismissed without prejudice for failure to exhaust. *See Pointer v. Wilkenson,* 502 F.3d 369 (6th Cir. 2007); *but see, e.g., Thompson v. Drug Enforcement Admin*, 492 F.3d 428, 377 U.S. App. D.C. 129 (C.A.D.C. 2007)(action containing at least one non-frivolous claim does not count as strike); *Turley v. Gaetz*, 2010 WL 4008727 (7th Cir. 2010)(same).

When he filed the instant litigation, Plaintiff twice represented to this Court, under penalty of perjury, that he had not previously had any case dismissed on grounds that it was frivolous, malicious, or failed to state a claim. *See* Case No. 1:06-cv-622 (Doc. 6 at 4); Case No. 1:07-cv-41 (Doc. 1 at 4). However, Defendants now assert, and court records confirm, that Plaintiff has had at least three cases previously dismissed in whole or in part for failure to state a claim. Defendants have identified the previously dismissed cases as follows:

   1. *Dwight Freeman v. Gee*, Case NO. 1:00-cv-3148-KMO (Doc. 10, dismissing for failure to state a claim pursuant to 28 U.S.C. §1915(e));

   2. *Dwight Freeman v. Voorhies*, Case No. 1:06-cv-622-SSB (Doc. 11, dismissing, in part, for failure to state a claim, but permitting refiling of some claims following exhaustion of administrative remedies);

   3. *Dwight Freeman v. Wilkerson*, Case No. 1:96-cv-2260-KMO (Doc. 4, dismissing

for failure to state a claim pursuant to 28 U.S.C. §1915(e)).

In addition to these three cases, this Court takes judicial notice of a fourth case, *Dwight Freeman v. Wilkinson*, Case No. 1:98-cv-362-SAS, in which Judge Spiegel dismissed numerous claims for failure to state a claim upon initial screening of the complaint. (*Id*. at Doc. 6, Memorandum Order dated 7/7/98). All four of the above cases involve dismissals that occurred prior to the filing of the instant complaint.[1] Therefore, Plaintiff's attestation that he had not had any prior cases dismissed as frivolous or for failure to state a claim is perjurious.

In *Freeman v. Wilkerson*, Civil Action No. 2:05-cv-1085, Magistrate Judge Mark Abel recently denied Plaintiff's motion for leave to appeal *in forma pauperis* the court's entry of judgment in favor of the defendants.[2] (*Id.,* Doc. 200). In denying Plaintiff leave to appeal *in forma pauperis* in that case, Judge Abel applied the "three strikes" rule of 28 U.S.C. §1915(g), referencing the first three listed cases. Judge Abel subsequently denied Plaintiff's motion for reconsideration. (*Id.*, Doc. 204, also available at 2011 WL 94604 (S.D. Ohio Jan. 10, 2011)).

Plaintiff clearly is no stranger to federal litigation. Court records available from PACER reveal that Plaintiff has filed 18 civil actions in the federal courts of Ohio. Plaintiff also has filed four appeals with the Sixth Circuit Court of Appeals, two of which remain

---

[1] In other cases that were dismissed prior to the filing of the instant litigation, the basis for dismissal is not obvious from the docket sheet alone. *See, e.g., Freeman v. Dallman*, Case No. 1:94-cv-51 (August 21, 1998 order); *Freeman v. Francis*, Case No. 97-cv-800 (October 29, 1997 order).

[2] The court entered judgment as a matter of law following a bench trial. Coincidentally, Plaintiff's Eighth Amendment allegations in that case were similar to those presented in the above-captioned case, to the extent that they involved two separate incidents in which Plaintiff alleged he was beaten by guards or prison officials without justification.

5

pending.³ *See Green v. Nottingham*, 90 F.3d 415 (10th Cir. 1996)(taking judicial notice of prior litigation).

Plaintiff's litigation history is relevant to the extent that he should be held to a knowing standard concerning representations that he has not had prior cases dismissed for failure to state a claim. However, the mere fact that Plaintiff is litigious does not warrant dismissal under §1915(g); rather, dismissal is appropriate only when a litigant has three or more "strikes" within the terms of the statute. Having examined court records regarding this Plaintiff's litigation history, I conclude that dismissal is warranted. In cases in which §1915(g) applies, a prisoner may not proceed *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury" at the time the complaint is filed. No such "imminent danger" is either alleged or apparent on the face of the complaint filed in this case. Therefore, Plaintiff's *in forma pauperis* status should be revoked, and this case should be dismissed absent immediate payment of the full $350.00 filing fee. Because Plaintiff previously paid $86.45 in Case No. 1:06-cv-622-SSB, Plaintiff should be permitted to proceed if he immediately makes payment of $263.55.

Separate and apart from the provisions of §1915(g), Plaintiff's false statements in his applications to proceed *in forma pauperis* provide an additional basis for dismissal of this litigation as "malicious" under 28 U.S.C. §1915(e)(2)(B)(I). *See, e.g., Horton v. Thomas*, 1996 WL 68013 (N.D. Ill. Feb. 14, 1996)(Dismissing suit because "[a]n indigent who boldly lies to a judge to gain entry to the courts cannot expect to reap the advantages of cost-free filing no matter what the merits of his suit."); *Walton v. Fairman*, 1993 WL

---

³*See* Case Nos. 10-3435 and 10-4490.

96427 at *4 (N.D. Ill. April 1, 1993)(dismissing Plaintiff for attempting to deceive the court regarding prior litigation history); *Garland v. O'Grady*, 1988 WL 118879 at *2-3 (N.D. Ill. Nov. 3, 1988)(by failing to list prior lawsuits, inmate "perjured himself"). *See also, generally Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994)(Rule 11 applies to false statements by prisoner regarding litigation history); *Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984)(complaint is malicious if Plaintiff makes false statements with intent to deceive the court).

It is true that the provisions of §1915(g) are not jurisdictional. It is likewise an unfortunate fact that this case has now been pending for more than three years. However, the fact that Plaintiff's false statements regarding his prior litigation have gone undetected until now should not prevent this Court from enforcing the statute as Congress intended. Trickery and perjury should not be rewarded with free entry into this Court.

In the alternative, to the extent that the presiding district judge prefers to address this litigation on the merits in light of Defendants' fully briefed motion for summary judgment, the undersigned would recommend denial of Defendants' motion. Defendants readily admit that they used force on Plaintiff on August 24, 2006 and a second time on August 27, 2006. Their motion is predicated on the argument that the use of force was necessary to protect themselves and colleagues "from Freeman's overt acts of aggression." (Doc. 74 at 2). While the evidence offered by Defendants in support of their motion is strong, it is not so overwhelming to entitle the Defendants to judgment without a trial. Though Plaintiff's affidavit may be the lone evidence in his favor, and despite the fact that he perjured himself in denying the dismissal of prior frivolous litigation, Plaintiff's

allegations that Defendants inflicted bodily harm without justification are not so incredible, nor his alleged injuries so minor, that this Court may dismiss his story out of hand. *But contra Reist v. Orr*, 67 F.3d 300 (6th Cir. 1995)(Table, text available on Westlaw, affirming summary judgment where plaintiff's affidavit could not withstand "barrage of unrefuted evidence"). Eighth Amendment claims involving physical altercations between a prisoner and his guards are rarely resolved through pretrial motion practice. In this case as in most, resolution depends upon credibility determinations that can only be made at trial.

### III. Conclusion and Recommendations

Accordingly, for the reasons stated herein, **IT IS RECOMMENDED THAT:**

1. Defendants' motion to revoke Plaintiff's *in forma pauperis* status and to compel Plaintiff to pay the filing fee (Doc. 80) should be **GRANTED;**

2. Plaintiff's *in forma pauperis status* should be **REVOKED**, effective immediately. Absent payment of $263.55, representing the remaining portion of the $350.00 filing fee owed on 1:06-cv-622-SSB, on or before **March 1, 2011**, this case should be **DISMISSED WITH PREJUDICE;**

3. Defendants' motion to supplement their summary judgment motion to include a signed affidavit (Doc. 75) should be **GRANTED** in the interest of compiling a complete record;

4. In light of the recommended revocation of Plaintiff's *in forma pauperis* status and dismissal of this litigation absent payment of the filing fee, Defendants' underlying motion for summary judgment (Doc. 74) should be **DENIED AS MOOT.** Alternatively, to the

extent that Plaintiff timely submits payment of the filing fee prior to March 1 so as to maintain prosecution of this lawsuit, Defendants' motion for summary judgment should be **DENIED** because a genuine issue of material facts remains on Plaintiff's Eighth Amendment claims.

                                                  *s/ Stephanie K. Bowman*
                                                  Stephanie K. Bowman
                                                  United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DWIGHT FREEMAN,             Case No. 1:07-cv-041

    Plaintiff,                     Beckwith, J.

                                Bowman, M.J.

    v.

ED VOORHEIS, WARDEN, et al.,

    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).