```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

Dwight Freeman,            )
                           )
         Plaintiff,        ) Case No. 1:07-CV-41
                           )
   vs.                     )
                           )
Ed Voorhies, Warden et al.,)
                           )
         Defendants.       )

O R D E R

This matter is before the Court on Defendants' motion for summary judgment (Doc. No. 74), motion to supplement motion for summary judgment (Doc. No. 75) and motion to revoke Plaintiff's IFP status (Doc. No. 80). Also before the Court is Magistrate Judge Bowman's Report and Recommendation of February 7, 2011 (Doc. No. 81) recommending that Plaintiff's in forma pauperis status be revoked and the complaint be dismissed with prejudice and Plaintiff's objections to the Report and Recommendation (Doc. No. 82).

On motion by the Defendants, Magistrate Judge Bowman determined that Plaintiff, a state prisoner originally granted in forma pauperis status by Magistrate Judge Hogan, has previously had four federal cases dismissed for failure to state a claim or for being frivolous.  Consequently, Judge Bowman determined that Plaintiff is subject to the "three strikes" rule of 28 U.S.C. §

1915(g),[1] and that his in forma pauperis status should be revoked, that the complaint should be dismissed unless he paid the required filing fee by March 1, 2011.  Judge Bowman apparently recommended that the complaint be dismissed with prejudice as a sanction on the grounds that Plaintiff perjured himself on his IFP application by stating that he had not previously had a case dismissed on the grounds that it was malicious, frivolous, or failed to state a claim.  Judge Bowman also determined that review of the complaint showed that the "imminent danger" exception to § 1915(g) does not apply.  In the event this Court decided to reach the merits of Defendants' motion for summary judgment, Judge Bowman recommended that it be denied.

Plaintiff's objections are hard to follow but he apparently makes two arguments: 1) that § 1915(g) does not apply because he has never had an entire case dismissed as being

---

[1]  Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

malicious or frivolous or for failing to state a claim; and 2) that the imminent danger exception applies to waive the filing fee. In related argument, Plaintiff also states that he was not trying to deceive the Court in his IFP application because he believed that the three strikes rule only applied when the entire case was dismissed as malicious, frivolous, or failing to state a claim.

The Court has reviewed Magistrate Judge Bowman's Report and Recommendation <u>de novo</u> pursuant to Fed. R. Civ. P. 72(b) and **ADOPTS** it to the extent it recommends dismissal of the complaint pursuant to § 1915(g).

As Judge Bowman found, the exhibits submitted by Defendants unquestionably establish that Plaintiff previously has had all or part of a case dismissed for being frivolous or for failing to state a claim. Accordingly, Plaintiff is subject to the "three strikes" rule and the complaint must be dismissed because Plaintiff did not pay the full filing fee by the deadline established by Judge Bowman. <u>Pointer v. Wilkinson</u>, 502 F.3d 369, 377 (6th Cir. 2007). Plaintiff's objections to the contrary, therefore, are **OVERRULED.**

The Court also agrees that the imminent danger exception does not apply to waive the filing fee. Plaintiff's complaint alleges that prison guards at Southern Ohio Correction Facility used excessive force against him on two occasions and

that the medical officers at the prison were deliberately indifferent to his serious medical needs.  Plaintiff's count four alleges that Defendant Voorhies failed to properly train, supervise, and discipline the Defendant prison guards and tolerated abuse of inmates by prison guards.  These allegations, however, do not satisfy the "imminent danger" exception.  Plaintiff has not alleged any facts showing that he was in immediate or specific danger of future serious physical injury at the time he filed the complaint.  Cf. Davis v. Cook, 4 Fed. Appx. 261, 262 (6th Cir. 2001) ("While Davis alleged threats and mistreatment at the hands of other inmates and prison staff, he did not allege any immediate or specific danger of future serious physical injury.").  Therefore, Defendants' motion to revoke Plaintiff's in forma pauperis status is well-taken and is **GRANTED.**

Accordingly, for the reasons stated, Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).  The Court, however, dismisses the complaint **WITHOUT PREJUDICE** because Pointer - the first case holding that even a partial dismissal of case for failure to state a claim counts as a strike under § 1915(g) - had not been decided at the time Plaintiff filed the complaint.  The Court, therefore, is satisfied that Plaintiff did not perjure himself in his IFP application and, therefore, no sanction is warranted.  Because § 1915(g) applies, the Court is

4

not authorized to reach the merits of Plaintiff's claims. Peeples v. Bradshaw, 110 Fed. Appx. 590, 591 (6th Cir. 2004). Accordingly, Defendants' motion for summary judgment and motion to supplement are **MOOT.**

The Court certifies pursuant to 28 U.S.C.A. § 1915(a)(3) that an appeal of this order would not be taken in good faith, and therefore **DENIES** Plaintiff leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**

Date March 3, 2011          s/Sandra S. Beckwith
                            Sandra S. Beckwith
                        Senior United States District Judge